UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARTHUR J. GALLAGHER & CO.** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-185** |
| **CLAYTON L. BABCOCK, ET AL.** | **SECTION I** |

### ORDER AND REASONS

Defendants, Clayton L. Babcock ("Babcock"), Marie G. Hardouin ("Hardouin"), Denise J. Alexi ("Alexi") and Kristy Copeland ("Copeland"), have filed a motion[1] for reconsideration of the Court's order[2] denying their motion for summary judgment. For the following reasons, the motion for reconsideration is **DENIED**.

### LAW & ANALYSIS

**A. Standard of Law**

A Rule 59(e) motion to alter or amend judgment "calls into question the correctness of a judgment." Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.), 303 F.3d 571, 581 (5th Cir. 2002).[3] It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment,

---

[1] R. Doc. No. 150

[2] R. Doc. No. 146.

[3] If the motion is filed within twenty-eight days of the judgment about which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. Shepherd v. Int'l Paper Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004). Because defendants filed their motion less than twenty-eight days after the Court issued its order, the motion is considered as a Rule 59(e) motion.

1

Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D. La. 2000).

A district court has considerable discretion to grant or to deny a motion to alter or amend the judgment under Rule 59(e). See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). The court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. See id. "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." Jupiter v. BellSouth Telecommunications, Inc., 1999 WL 796218 (E.D. La, Oct. 5, 1999) (Vance, J.).

**B. Analysis**

Defendants suggest that the Court committed manifest error in finding that the language in the purchase agreement between Arthur J. Gallagher & Co. ("Gallagher") and Babcock and the employment agreements between Gallagher and Alexi, Hardouin, and Copeland constituted non-competition provisions. Defendants point to a statement made by Gallagher in an appellate brief submitted in a prior litigation.

In Arthur J. Gallagher Risk Mgmt. Servs., Inc. v. Todd, 2010 WL 2179753 (La. Ct. App.

June 2, 2010), the Louisiana Third Circuit Court of Appeal was faced with interpreting a restrictive covenant in an employment agreement, which stated:

> ...the Executive understands and agrees that for a period of two(2) years following the termination of his employment for any reason whatsoever, he will not directly or indirectly, solicit, place, market, accept, aid, counsel or consult in the renewal, discontinuance or replacement of any insurance (including self-insurance) by, or handle self-insurance programs, insurance claims, risk management services or other insurance administrative or service functions for, any Corporation account for which he performed any of the foregoing functions during the two-year period immediately preceding such termination in [certain listed areas] provided that Gallagher has continued to carry on such activities.

Id. at *1.

In its brief, Gallagher stated:

> The Agreement is not a broadly worded non-competition agreement (which is, in fact, authorized by LSA-R.S. 23:921G). Gallagher is not seeking to prohibit Todd from working as an independent insurance agent in Lake Charles or anywhere else. Gallagher only seeks to enjoin Todd from soliciting Gallagher's customers for whom he performed insurance-related services for a period of two (2) years after Todd's leaving the company. Todd is free in all other respects to open his own insurance agency and to compete against Gallagher as an insurance agent.[4]

Defendants argue that because Gallagher now claims the exact opposite, Gallagher is judicially estopped from claiming that the agreements with defendants contain non-competition agreements. Under the doctrine of judicial estoppel, a court considers (1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position; (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment

---

[4] R. Doc. No. 150-1, p.5 (emphasis omitted).

on the opposing party if not estopped. New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001).

      Defendants' argument fails because Gallagher's current position is not clearly inconsistent with its earlier position. Specifically, the provisions before this Court are different from the one before the Todd court. The provisions at issue in this case contain extra language that does not appear in the Todd case. The purchase agreement between Gallagher and Babcock states:

> For a period of two years after the date hereof or after the date of the termination of his employment with Gallagher or any of its subsidiaries whichever date occurs latest, the Stockholder will not, directly or indirectly, solicit, serve, sell to, divert, receive or otherwise handle insurance-related business with any individual, partnership, corporation or association that <u>(a) is, or within the last two (2) years was, a client or customer of Seller or (b) is a prospective client or customer of Seller</u> in those parishes and municipalities designated on Addendum II attached hereto. . .[5]

The employment agreements signed by Alexi, Hardouin and Copeland state:

> . . . the Executive understands and agrees that for a period of two years following the termination of his employment for any reason whatsoever, he will not (i) directly or indirectly solicit, place, market, accept, aid, counsel or consult in the renewal, discontinuance or replacement of any insurance or reinsurance by, or handle self-insurance programs, insurance claims or other insurance administrative functions ("insurance services") for, any Company account or actively solicited prospective accounts for which he performed any of the foregoing functions during the two-year period immediately preceding such termination or (ii) provide any employee benefit brokerage, consulting, or administrative services in the area of group insurance, defined benefit and defined contribution pension plans, individual life, disability and capital accumulation products, and all other employee benefit areas ("benefit services") the Company is involved with, <u>for any Company account or actively solicited prospective accounts for which he performed any of the</u>

---

[5] R. Doc. No. 133-3, pp.22-23 (emphasis added).

>     <u>foregoing functions</u> . . . [6]

The non-competition provisions in this case are more restrictive than the provision in <u>Todd</u>. The additional language is seemingly aimed at preventing the defendants from doing what they admitted Todd was permitted to do under the previous language: open his own insurance agency and compete against Gallagher immediately. The additional language extends the restriction from merely covering Gallagher's current clients to cover all potential clients in the specific line of business as well. It is, therefore, not clearly inconsistent for Gallagher to argue now that it was the clear intent of the parties to create covenants in the purchase and employment agreements that are more restrictive than the one in <u>Todd</u>.

For the foregoing reasons, the Court finds that defendants have not made a showing of manifest error in law or fact. Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

New Orleans, Louisiana, January 31, 2011.

                                   _____
                                          LANCE M. AFRICK
                                   UNITED STATES DISTRICT JUDGE

---

[6] R. Doc. No. 133-1, pp.7-8 (emphasis added).